Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

Attorneys for Lazar Djokic

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lazar Djokic, Individually and On Behalf of Others Similarly Situated,<br><br>                              Plaintiffs,<br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>                              Defendant. | **Case No:** CV14-1570 FMO (FFMx)<br><br>**First Amended Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Lazar Djokic, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Capital One Bank (USA), N.A., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332.

8. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Plaintiff is a natural person who resides in the City of Simi Valley, County of Ventura, State of California.

10. Plaintiff resides in Ventura County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

HYDE & SWIGART
San Diego, California

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Simi Valley, County of Ventura, State of California.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in Ventura County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

14. Defendant's principle place of business is in Glen Allen, Virginia. Plaintiff is a natural person who resides in the City of Simi Valley, State of California. Additionally, prayer amount request exceeds $75,000.01. This gives rise to diversity jurisdiction under under 28 U.S.C. § 1332(a)(1), and 28 U.S.C. § 1332(c)(1).

15. Plaintiff's claim exceeds $75,000 pursuant to § 1692k(a)(2)(b) which provides that, in a case of a class action, Plaintiff and the putative class members are entitled to recover the lesser of $500,000 or 1 per centum of the net worth of the debt collector.  Thus, the amount of damages that Plaintiff seeks exceeds the requisite amount in controversy.

**PARTIES**

16. Plaintiff is a natural person who resides in the City of Simi Valley, State of California.

17. Defendant is a national association whose principle place of business and State of Incorporation are in the State of Virginia.

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

HYDE & SWIGART
San Diego, California

19.  Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

FACTUAL ALLEGATIONS

21.  Sometime before July 10, 2010, Plaintiff is alleged to have incurred certain financial obligations with Defendant.

22.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23.  Sometime before July 10, 2010, Plaintiff and Defendant entered into a written contract for the purposes of Plaintiff obtaining a line of credit with Defendant.

24.  Sometime thereafter, Defendant sent, and Plaintiff received the terms and conditions underlying the parties 2010 contract.

25.  Sometime thereafter, but before July 10, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

26.  Defendant's 2010 contract stated in part that Defendant may, (i) "contact you in any manner we choose," including, "personal visit[s],"; (ii) "contact you in any manner we choose," including, "contact[ing] you at your home and at your place of employment,"; (iii) "contact you at anytime, including weekends and holidays,"; (iv) "contact you with any frequency,"; (v) "leave

HYDE & SWIGART
San Diego, California

**HYDE & SWIGART**
San Diego, California

1    prerecorded and other messages on your answering machine/service and with

2    others,"; (vi) "identify ourselves, your relationships with us and our purpose

3    for contacting you even if others might hear or read it."

4   27.   On or about February 18, 2014, Defendant, through an official statement,

5      stated in part that "Capital One does not visit our cardholders, nor do we send

6      debt collectors to their homes or work."

7   28.   Defendant's statement on or about February 18, 2014 is in direct conflict

8      with the threats made in Defendant's 2010 contract with Plaintiff.

9   29.   Despite the threats made in Defendant's 2010 contract with Plaintiff,

10      pursuant to Rosenthal Act, Defendant cannot (1) contact a consumer in any

11      manner they choose; (2) contact a consumer at their place of employment for

12      any reason other than to locate the consumer; (3) contact a consumer at

13      anytime Defendant chooses; (4) contact a consumer with unfettered

14      frequency; (5) communicate a consumer's debt to a third party.

15   30.   Because Defendant's 2010 contract with Plaintiff violated certain portions of

16      28 U.S.C. § 1692(b), 28 U.S.C. § 1692(c)(a)(1), 28 U.S.C. § 16922(c)(a)(3),

17      28 U.S.C. § 1692d, 28 U.S.C. § 1692e, and 28 U.S.C. § 1692f of the federal

18      Fair Debt Collection Practices Act as these portions are incorporated by

19      reference in the Rosenthal Fair Debt Collection Practices Act, through

20      California Civil Code § 1788.17, this conduct or omission violated Cal. Civ.

21      Code § 1788.17.

22   31.   Where Defendant tries to waive liability of it's violation of the Rosenthal Act,

23      such waiver is contrary to public policy, and is void and unenforceable, and

24      further, is a violation of California Civil Code § 1788.33. A right under the

25      Rosenthal Act cannot be waived as a matter of public policy.

26

27

28

**CAUSES OF ACTION**

**CLASS ACTION ALLEGATIONS**

32.   Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated (the "Class").   The proposed Class that Plaintiff seeks to represent are defined as follows:

·   All persons within the County of Ventura, California, that entered into the same contract as plaintiff for a line of credit with Defendant, where said persons defaulted by not making payment/s pursuant to terms of said contract and whose rights were violated by one or more of the following subsections of the Rosenthal Act; California Civil Code § 1788.17 and California Civil Code § 1788.33.

33.   Plaintiff represents, and is a member of, The Class, because (1) Plaintiff received a contract from Defendant, for the purposes of opening a line of credit in the County of Ventura, with Defendant with the illegal provisions specified above; (2) Defendant declared Plaintiff's account in default; (3) Plaintiff's rights more violated under the Rosenthal Act.

34.   Defendant, its employees and agents are excluded from The Class.   Plaintiff does not know the number of members in The Class, but believes The Class' members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

35.   Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways:

·   Defendant made false and misleading representations in it's contract, with respect to allowed communications with Plaintiff and The Class members by including provisions in the contract that are in violation of subsection Cal. Civ. Code § 1788.17 of the Rosenthal Act.   Plaintiff and The Class were damaged thereby.

HYDE & SWIGART
San Diego, California

36.   This suit seeks only statutory damages on behalf of The Class and it expressly is not intended to request any recovery for personal injury and/or actual damages thereto.  Plaintiff reserves the right to expand The Class' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37.   The joinder of The Class' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records.

38.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

·   Whether Class members entered into a contract with Defendant;

·   Whether Defendants violated the Rosenthal Act;

·   Whether members of the Class are entitled to the remedies California's Rosenthal Act;

·   Whether members of the Class are entitled to declaratory relief;

·   Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the California's Rosenthal Act ;

·   Whether the Class are entitled to any other remedies.

39.   As a person that received a contract from Defendant, Plaintiff is asserting claims that are typical of The Class.   Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.

40.   Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.   Absent a class action, The Class will continue to face the potential for irreparable harm.   In

HYDE & SWIGART
San Diego, California

1  addition, these violations of law will be allowed to proceed without remedy
2  and Defendant will likely continue such illegal conduct.

3  41.  Plaintiff has retained counsel experienced in handling class action claims and
4  claims involving consumer actions and violations of the Rosenthal Act.

5  42.  A class action is a superior method for the fair and efficient adjudication of
6  this controversy.  Class-wide damages are essential to induce Defendant to
7  comply with federal and California law.  The interest of Class members in
8  individually controlling the prosecution of separate claims against Defendant
9  is small because the maximum statutory damages in an individual action for
10  violation of privacy are minimal.  Management of these claims is likely to
11  present significantly fewer difficulties than those presented in many class
12  claims.

13  43.  Defendant has acted on grounds generally applicable to The Class, thereby
14  making appropriate final injunctive relief and corresponding declaratory relief
15  with respect to the Class and Subclass as a whole.

16  ### COUNT I

17  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**
18  **CAL. CIV. CODE §§ 1788-1788.32**

19  44.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
20  paragraphs.

21  45.  The foregoing acts and omissions constitute numerous and multiple violations
22  of the Rosenthal Act, including but not limited to each and every one of the
23  above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

24  46.  As a result of each and every violation of the Rosenthal Act, Plaintiff is
25  entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);
26  statutory damages for a knowing or willful violation in the amount up to
27  $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's
28  fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

HYDE & SWIGART
San Diego, California

1 **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays that judgment be entered against Defendant,

3 and Plaintiff be awarded damages from Defendant, as follows:

4 · An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

5    § 1788.30(b);

6 · An award of costs of litigation and reasonable attorney's fees, pursuant

7    to Cal. Civ. Code § 1788.30(c).

8 · Any other award that the Court deems just and proper.

9 47. Pursuant to the seventh amendment to the Constitution of the United States of

10 America, Plaintiff is entitled to, and demands, a trial by jury.

11

12 Respectfully submitted,

13                    **HYDE & SWIGART**

14

15 Date: March 28, 2014          By:s/Joshua B. Swigart

16                      Joshua B. Swigart
                       Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

HYDE & SWIGART
San Diego, California